1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

OTIS MICHAEL THOMAS,

Case No. CV 16-02866 ODW (AFM)

12

Plaintiff,

13

v.

**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**

14

SGT. MICHAEL MATTOX, et al.,

15
16

Defendants.

17
18

Plaintiff, a state prisoner presently held at the California Men's Colony

19

("CMC") in San Luis Obispo, California, filed this *pro se* civil rights action herein

20

pursuant to 42 U.S.C. § 1983 on April 26, 2016.  He subsequently was granted

21

leave to proceed without prepayment of the full filing fee.

22

On June 13, 2016, plaintiff filed a "Motion to Amend Pleadings."  (ECF No.

23

8.)  The Court granted the motion and permitted plaintiff to file an amended

24

complaint.  On October 31, 2016, plaintiff filed a First Amended Complaint

25

("FAC").  In the FAC, plaintiff appeared to raise three claims (one against each of

26

three defendants) concerning the alleged withholding of a tape recording of an

27

internal affairs interview of plaintiff by Sergeant Michael Mattox of the

28

1    Los Angeles Police Department ("LAPD").  (ECF No. 11 at 4-5.)  Plaintiff sought

2    injunctive relief and monetary compensation.  (*Id.* at 6.)

3        In accordance with the terms of the "Prison Litigation Reform Act of 1995"

4    ("PLRA"), the Court screened the FAC prior to ordering service for purposes of

5    determining whether the action was frivolous or malicious; or failed to state a claim

6    on which relief may be granted; or sought monetary relief against a defendant who

7    is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C.

8    § 1997e(c)(1).  After careful review of the FAC, the Court found that the pleading

9    violated Fed. R. Civ. P. 8 and that the factual allegations appeared insufficient to

10   state a claim against any named defendant.  Accordingly, the FAC was dismissed

11   with leave to amend.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)

12   ("A district court should not dismiss a *pro se* complaint without leave to amend

13   unless it is absolutely clear that the deficiencies of the complaint could not be cured

14   by amendment.") (internal quotation marks omitted).  Plaintiff was ordered, if he

15   wished to pursue this action, to file a Second Amended Complaint no later than

16   January 20, 2017, remedying the deficiencies discussed in the Court's Order.

17   Further, plaintiff was admonished that, if he failed to timely file a Second Amended

18   Complaint, or failed to remedy the deficiencies of his pleading, the Court would

19   recommend that this action be dismissed without leave to amend and with

20   prejudice.  (*See* ECF No. 12.)

21       On January 23, 2017, plaintiff filed a Second Amended Complaint ("SAC")

22   in which he names as defendants LAPD officials Sergeant Mattox, Detective

23   Flores, Captain Eisenberg, and Senior Management Analyst Bland.  Plaintiff also

24   names Frederick Jackson, a private investigator.  All defendants are named in their

25   official as well as individual capacities.  (ECF No. 14 at 3-4.)  Plaintiff purports to

26   raise one claim pursuant to the Fifth and Fourteenth Amendments for violation of

27   his right to equal protection and for conspiracy pursuant to 42 U.S.C. § 1985(2).

28

(*Id.* at 5.)  Plaintiff seeks injunctive relief to obtain the tape recording and to order discovery.  (*Id*. at 9.)

Once again, prior to ordering service on any named defendant, the Court has screened the SAC for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  The Court's screening of the pleading under the foregoing statutes is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati*, 791 F.3d at 1039 (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

After careful review and consideration of the SAC under the foregoing standards, the Court finds that plaintiff's allegations fail to comply with Rule 8 and appear insufficient to state any claim on which relief may be granted.  Because plaintiff is a prisoner appearing *pro se*, the Court will provide him with one additional opportunity to amend his pleading to correct the deficiencies set forth below.  Accordingly, the SAC is dismissed with leave to amend.  *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than March 10, 2017, remedying the deficiencies discussed below.**  Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies discussed herein, the Court may recommend that this action be dismissed without leave to amend and with prejudice.[1]

---

[1]  Plaintiff is advised that this Court's determination herein that the allegations in the SAC are insufficient to state a particular claim should not be seen as dispositive

## DISCUSSION

### A.    Plaintiffs' SAC fails to comply with Rule 8.

Plaintiff's SAC once again fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d).  Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).   Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct.  No technical form is required."  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule

---

of that claim.  Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in an amended pleading that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

In the SAC, plaintiff purports to raise one claim against all defendants, but it is unclear to the Court what the legal or factual basis for this "claim" may be. Plaintiff references multiple legal grounds for his one claim, including the Equal Protection Clause of the Fourteenth Amendment and conspiracy pursuant to 42 U.S.C. § 1985(2). (ECF No. 14 at 5.) Plaintiff also sets forth factual allegations concerning his arrest and subsequent trial, which took place in 1996 and 1997, various petitions for writs of habeas corpus that plaintiff filed in this Court, as well as actions taken by some of the defendants from 2013 through 2015. (*Id.* at 5-8.) Plaintiff alleges that he filed a complaint in January 1997 with "Internal Affairs" for the LAPD claiming that the officers who had arrested him had brought "false" charges and lied on the arrest report. (*Id.* at 5.) Plaintiff was convicted in May 1997. On June 25, 1997, defendant Sergeant Mattox conducted a recorded interview of plaintiff in connection with the Internal Affairs complaint that plaintiff had filed during which Mattox allegedly admitted that officers had lied in plaintiff's arrest report. Mattox told plaintiff that "he shouldn't have gotten convicted." (*Id.* at 6.) Plaintiff was unable to obtain a copy of the tape recording of this interview. Plaintiff alleges that he was sentenced in August 1997 based on "lying testimony." (*Id.* at 6-7.) Plaintiff also alleges that he attempted to obtain a copy or transcript of the recording and related investigation with a "Freedom of Information Act ("FOIA")" request, but his request was denied by defendant Bland in September 2015. (*Id.* at 7.) Plaintiff alleges that he "has tried to obtain the taped interview . . . since July 1997 (for almost 20-yrs) and has been stone-walled throughout." (*Id.* at 8.) Plaintiff also states the conclusory allegation that the defendants "have acted in

1    concert to deprive plaintiff of vindicating evidence." (*Id.*)

2          First, in his SAC, plaintiff purports be seeking "vindicating evidence"

3    pertaining to criminal charges on which he was convicted.  Plaintiff also alleges

4    that the "taped interview" would have "vindicated plaintiff" had it been produced at

5    his sentencing hearing in 1997.  (*Id.* at 7-8.)  To the extent that plaintiff is seeking

6    to overturn his criminal conviction, a petition for habeas corpus is a prisoner's sole

7    judicial remedy when attacking "the validity of the fact or length of . . .

8    confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*,

9    907 F.2d 874, 875 (9th Cir. 1990).  Thus, plaintiff may not use a civil rights action

10   to challenge the validity of a conviction or incarceration.  Such relief only is

11   available in a habeas corpus action.  In addition, to the extent that plaintiff is

12   attempting to use a civil rights action to seek monetary damages for an allegedly

13   unlawful conviction where success would necessarily implicate the fact or duration

14   of his conviction, his claims are not cognizable under § 1983 unless and until

15   plaintiff can show that "the conviction or sentence has been reversed on direct

16   appeal, expunged by executive order, declared invalid by a state tribunal authorized

17   to make such determination, or called into question by a federal court's issuance of

18   a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Under

19   *Heck*, if a judgment in favor of a plaintiff on a civil rights action *necessarily* will

20   imply the invalidity of his or her conviction or sentence, the complaint must be

21   dismissed unless the plaintiff can demonstrate that the conviction or sentence

22   already has been invalidated.  *Id.*; *see also Skinner v. Switzer*, 562 U.S. 521, 525

23   (2011) ("Where the prisoner's claim would not 'necessarily spell speedier release,'

24   however, suit may be brought under § 1983.").  Accordingly, "*Heck* prohibits the

25   use of § 1983 to attack the validity of a conviction, because a recovery in the

26   damages action would necessarily imply that the conviction was wrongfully

27   obtained." *Furnace v. Giurbino*, 838 F.3d 1019, 1027 (9th Cir. 2016).

28

Moreover, in *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 72-73 (2009), where a convicted defendant was contending that he needed the DNA evidence that he sought to prove his innocence, the Supreme Court held that there is no freestanding substantive federal due process right to obtain post-conviction discovery of exculpatory evidence. The Supreme Court also has held that a prosecutor's duty to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), does not apply after a defendant has been convicted. *See Osborne*, 557 U.S. at 68-69. Accordingly, because plaintiff appears to be seeking discovery of exculpatory evidence pertaining to his 1997 conviction (which he does not allege has been overturned), the *Osborne* decision provides that plaintiff cannot state a substantive federal civil rights claim arising from violation of an alleged fundamental right to obtain post-conviction evidence.

Further, the SAC fails to set forth specific factual allegations regarding the role that each of the named defendants may have played regarding any alleged federal constitutional violation or on what basis plaintiff claims that each defendant has violated his constitutional rights. In sum, the SAC once again fails to sufficiently allege that each defendant took any action, participated in another's action, or omitted to perform an act that he was legally required to do that caused a violation of plaintiff's constitutional rights. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).

8

In addition, plaintiff names as a defendant Jackson, who is identified as a private investigator and does not appear to be a state actor. "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002). The "color of law" requirement excludes from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) ("Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity." (internal quotation marks omitted)). Here, plaintiff does not set forth a short and plain statement of the basis for each federal civil rights claim against each named defendant, and the SAC fails to allege that any alleged action by defendant Jackson was "fairly attributable" to the state.

In addition, plaintiff once again purports to sue each named defendant in his or her official as well as individual capacity. However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Accordingly, any claim that plaintiff is purporting to raise against any LAPD official in his or her official capacity is a claim against the LAPD. Further, in order to state a claim against a local government entity, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution

of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts"). Here, the SAC fails to set forth any allegations that a specific policy or custom by the LAPD was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against the LAPD arising from an improper custom or policy may not be premised on an isolated incident as alleged in the SAC. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's SAC fails to set forth any factual allegations concerning any practice or custom of the LAPD that he alleges was a "traditional method of carrying out policy."

Further, to the extent plaintiff may be intending to state a claim pursuant to the Equal Protection Clause of the Fourteenth Amendment (*see* ECF No. 14 at 5), the SAC fails to set forth any factual allegations concerning such a claim and also fails to name any defendants who allegedly caused any such violation. In order to state a claim pursuant to the Equal Protection Clause of the Fourteenth

Amendment, plaintiff must allege that a specific defendant intentionally treated him differently than other similarly situated individuals with a purpose to discriminate against plaintiff based on his membership in a protected class. *See City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003) ("We have made clear that proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.") (internal quotation marks omitted); *Washington v. Davis*, 426 U.S. 229, 239-42 (1976).

Finally, to the extent that plaintiff is purporting to raise a claim pursuant to the FOIA against any named defendant (*see* ECF No. 14 at 4), plaintiff may not state such a claim in this action because he names only officials with a local agency. The only proper defendant for a claim pursuant to the FOIA is a **federal agency**. *See* 5 U.S.C. §§ 552a(a)(1), 552(f); *Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011) (the FOIA only applies to agencies of the United States and not individual employees of those agencies).

For these reasons, it is altogether unclear to the Court the number of federal civil rights claims plaintiff is purporting to raise in the SAC and what the legal and factual basis of each of plaintiff's civil rights claims may be. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for any defendant to discern what specific facts or legal theories apply to the potential claim against him or her, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

The Court therefore finds that the SAC fails to comply with Rule 8.

### B.    Plaintiff's claim(s) arising from actions taken by defendants Mattox and Jackson appear to be barred by the statute of limitation.

Plaintiff alleges that defendant Mattox conducted the Internal Affairs interview with plaintiff in June 1997. (ECF No. 14 at 3, 6.) Plaintiff also alleges that defendant Jackson was appointed by the Court as a private investigator in connection with plaintiff's attempt to obtain a copy of the interview in 1997. (*Id.* at 4, 6-7.) Plaintiff sets forth no factual allegations in the SAC of any action taken by these defendants at any later date.

Federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Effective January 1, 2003, California enacted a two-year statute of limitations for personal injury claims. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Civ. Proc. Code § 335.1). In addition, under California law, incarceration of a plaintiff is a disability that tolls the statute of limitations for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1; *see, e.g., Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (stating that the statute of limitations for § 1983 claims is governed by the forum state's statute of limitations for personal injury claims, that the applicable statute of limitations under California law is two years, and that California provides for statutory tolling for a period of up to two years based on the

disability of imprisonment).   Federal law, however, determines when a claim accrues and when the applicable limitations period begins to run.  *Wallace*, 549 U.S. at 388 ("the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law" (emphasis in original)).   In general, a cause of action accrues under federal law as soon as a potential claimant either is aware or should be aware of the existence and source of his or her injury. *See Lee v. United States*, 809 F.2d 1406, 1409-10 (9th Cir. 1987).

Accordingly any claim arising from actions that took place in 1997 accrued on the day that plaintiff knew or had reason to know of the injury, which appears to have been the date of his sentencing in 1997, when plaintiff alleges that defendant Mattox did not appear and plaintiff did not have the benefit of the transcript of the interview.  (*See* ECF No. 14 at 6-7.)  Assuming that plaintiff is entitled to two years of statutory tolling for his incarceration, plaintiff had until 2001 to file any claims arising from the actions of defendants Mattox and Jackson.  Plaintiff, however, did not file this action until April 2016, approximately 15 years after the deadline to file any claim arising from defendants' failure to produce the interview at plaintiff's sentencing hearing.

Plaintiff does not appear to allege any basis for equitable tolling, but his allegations, even if accepted as true and construed liberally, fail to set forth the necessary conditions to equitably toll a statute of limitations:  "'(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'"  *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999); *see Jones*, 393 F.3d at 927-28.

Accordingly, it appears from the allegations of the SAC that any federal civil rights claim against defendants Mattox and Jackson would be time barred.

///

///

13

**C.**     <u>The allegations in the SAC are insufficient to state any claim pursuant to 42 U.S.C. § 1985(2).</u>

To the extent that plaintiff is purporting to state any claim pursuant to § 1985(2), that section provides in its entirety:

> Obstructing justice; intimidating party, witness, or juror.  If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

The only clause of § 1985(2) that appears to the Court to conceivably pertain to plaintiff's allegations is the final clause.   "It is well-settled that the 'equal protection' language" of section 1985(2) requires "an allegation of class-based animus for the statement of a claim under that clause." *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (some internal quotation marks omitted).

Accordingly, because plaintiff fails to allege any facts purporting to suggest that any defendant acted on the basis of racial or class-based animus, plaintiff's SAC fails to state a claim pursuant to § 1985(2) for a conspiracy to obstruct justice or intimidate a witness in state court.

\*\*\*\*\*\*\*\*\*\*\*

14

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than March 10, 2017, remedying the pleading deficiencies discussed above.**  The Third Amended Complaint should bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original complaint, any amended complaint, or any attachment or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint.

**Plaintiff is further admonished that the Court will not provide any further opportunities for amendment.  If plaintiff fails to timely file a Third Amended Complaint, or he fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.


DATED:  February 1, 2017


_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

15